**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4806**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

KARL SULLIVAN, a/k/a Adrian Karl Cathey, a/k/a Karl Adrian
Cathey, a/k/a Karl Edwards,

             Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Robert J.
Conrad, Jr., Chief District Judge.  (3:07-cr-00109-RJC-1)

Submitted:  April 29, 2009              Decided:  June 4, 2009

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Brent Walker, LAW OFFICE OF R. BRENT WALKER, Charlotte, North
Carolina, for Appellant.  Gretchen C. F. Shappert, United States
Attorney, Mark A. Jones, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Karl Sullivan appeals his conviction by a jury of one count of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006). We affirm.

On appeal, Sullivan argues that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to sustain the jury's verdict. This court reviews de novo a district court's denial of a motion for judgment of acquittal. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). In conducting such a review, the court is obliged to sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). This court has "defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Alerre, 430 F.3d at 693 (quoting Burgos, 94 F.3d at 862). This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought

2

to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

In evaluating the sufficiency of the evidence, we do not assess the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Brooks, 524 F.3d 549, 563 (4th Cir.), cert. denied, 129 S. Ct. 519 (2008). We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks and citation omitted).

In order to establish a violation of § 922(g)(1), the Government must prove the defendant was a convicted felon, he knowingly possessed the firearm, and the firearm traveled in interstate commerce. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001); United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Here, the parties stipulated that Sullivan was a convicted felon and that the firearm had the requisite interstate commerce nexus. The disputed issue, therefore, is whether the evidence established that Sullivan possessed the firearm. Possession may be actual, constructive, or joint. Gallimore, 247 F.3d at 136-37.

Viewing the evidence in the light most favorable to the government, there appears to be little dispute that the jury

3

could find Sullivan guilty beyond a reasonable doubt. After reviewing the full record, it is clear that the defendant's statements, his close proximity to the gun and the testimony of an eyewitness all support the jury's verdict.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED